IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN BEIGHTLER  )
                   )
      v.           )   NO. 3:10-0781
                   )
SUNTRUST BANKS, INC. )

TO:   Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

By Order entered August 24, 2010 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b)(1), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending in this action is the Defendant's motion to dismiss (Docket Entry No. 5), to which the Plaintiff has filed a response in opposition (Docket Entry No.11). Also before the Court is the Plaintiff's motion to remand (Docket Entry No. 8), to which the Defendant has filed a response in opposition (Docket Entry No. 12). For the reasons set out below, the Court recommends that the motion to remand be denied and the motion to dismiss be granted.

## I. BACKGROUND

The Plaintiff filed this lawsuit pro se in the Davidson County Circuit Court on July 6, 2010, against SunTrust Banks, Inc. ("SunTrust")[1] alleging a claim for sexual harassment in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401. The claim is based on events occurring in Memphis, Tennessee, in November 2006. See Attachment to Complaint, at Docket Entry No. 1-1. On August 19, 2010, the action was removed to this Court by SunTrust pursuant to 28 U.S.C. § 1441, based on the assertion that this Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332. See Docket Entry No. 1.

In lieu of an answer, SunTrust filed the pending motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. SunTrust contends that the Plaintiff's THRA claim arose in November 2006, and is barred by the applicable one year statute of limitations. SunTrust further contends that his THRA claim is barred by the doctrine of res judicata because the Plaintiff previously litigated a federal lawsuit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., in the Western District of Tennessee, Beightler v. SunTrust Banks, Inc., 2:07-CV-025320-V (W.D. Tenn), based upon the facts underlying the instant action. See Exhibit to Motion to Dismiss, at Docket Entry No. 5-3. SunTrust points out that the Plaintiff asserted a sexual harassment claim under Title VII, in addition to negligence and intentional infliction of emotional distress claims under state law, in the prior federal lawsuit and that summary judgment was granted against the Plaintiff on the merits of his claims. SunTrust contends that the Plaintiff's THRA claim should have been brought in the prior federal lawsuit and that the Plaintiff is thus precluded

---

[1] The Defendant maintains that SunTrust Bank is the proper defendant, but has not raised the issue for the purposes of the pending motions. See Docket Entry No. 5-1, at 1 n.1.

from pursuing the THRA claim in the instant action. See Memorandum in Support (Docket Entry No. 5-1).

The Plaintiff has responded with two separate lines of argument. First, he filed a motion to remand the action (Docket Entry No. 8), in which he argues that this Court lacks subject matter jurisdiction over the action because of the prior federal litigation and is thus required to remand the action pursuant to 28 U.S.C. § 1447(c). Second, he directly addresses the arguments raised by SunTrust. He contends that the THRA claim is subject to the Tennessee Savings Statute and that his THRA claim is not barred by res judicata. He argues that his THRA claim did not become "presently sustainable" until Gordon v. W.E. Stephens Mfg. Co., 2008 WL 4254584 (Tenn. Ct. App. Sept. 16, 2008), and thus could not have been litigated as part of the prior federal lawsuit.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The Plaintiff's argument that this Court lacks subject matter jurisdiction over the action and that the action must be remanded pursuant to 28 U.S.C. § 1447(c) is legal nonsense. The Plaintiff has not contested that the action was properly removed to this Court on the basis that this Court has original jurisdiction over the action pursuant to diversity jurisdiction under 28 U.S.C. § 1332. SunTrust's assertion of the affirmative defense of res judicata does not nullify this Court's subject matter jurisdiction over the action. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Further, the instant action is clearly barred by the doctrine of res judicata, and SunTrust's motion to dismiss should be granted on this ground. The doctrine of res judicata[2] provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452

---

[2] The term "res judicata" refers to both claim preclusion and issue preclusion (formerly referred to as "collateral estoppel"). See Taylor v. Sturgell, 553 U.S. 880, 128 S.Ct. 2161, 2171 n.5, 171 L.Ed.2d 155 (2008); Mitchell v. Chapman, 343 F.3d 811, 818 n.5 (6th Cir. 1997).

U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).

The instant action is essentially a carbon copy of the prior action with the only difference being that the instant action raises a sexual harassment claim under the THRA not under Title VII. All four elements necessary for the application of claim preclusion are satisfied in this action: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and 4) identity of the causes of action. Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003); Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997). The Plaintiff's argument that his THRA claim was not legally presentable or cognizable until after the prior federal lawsuit was filed is unpersuasive and is not supported by any of the cases he cites in his response in opposition.[3] The Plaintiff has not shown any legitimate reason why the THRA claim could not have been brought in the prior federal lawsuit. Accordingly, claim preclusion applies and bars litigation of the instant action.[4]

---

[3] The Plaintiff appears to argue that he did not have a sustainable claim under the THRA until September 16, 2008, when the Tennessee Court of Criminal Appeals ruled in Gordon v. W.E. Stephens Mfg. Co., 2008 WL 4254584, *7 (Tenn. Ct. App. Sept. 16, 2008), that an "employer's resignation can be a 'tangible employment action,'" under the THRA. The ruling in Gordon simply does not support the Plaintiff's argument.

[4] Even if the Plaintiff's THRA claim were not barred under the doctrine of res judicata, his claim would be barred by the applicable one year statute of limitations. See Tenn. Code Ann. § 4-21-311(d). The Tennessee Savings Statute, Tenn. Code. Ann. § 28-1-105, has no applicability because the Plaintiff did not file a claim under the THRA in his first action within the one year statute of limitations.

5

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Plaintiff's motion to remand (Docket Entry No. 8) be DENIED; and

2) the motion to dismiss (Docket Entry No. 5) filed by Defendant SunTrust Banks, Inc., be GRANTED, and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

6

Case 3:10-cv-00781   Document 13   Filed 09/20/10   Page 6 of 6 PageID #: 123